## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **Mark McGriff, Board of Trustees Chairman, and** | ) |
| **Doug Curts, Board of Trustees Secretary, on behalf of** | ) |
| **INDIANA CARPENTERS PENSION FUND;** | ) |
| | ) |
| **Mark McGriff, Board of Trustees Chairman, and** | ) |
| **Greg Hauswald, Board of Trustees Secretary on behalf** | ) |
| **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL** | ) |
| **OF CARPENTERS DEFINED CONTRIBUTION** | ) |
| **PENSION TRUST FUND;** | ) |
| | ) |
| **Mark McGriff, Board of Trustees Co-Chairman, and** | ) |
| **William Nix, Board of Trustees Co-Chairman, on behalf** | ) |
| **of INDIANA/KENTUCKY/OHIO REGIONAL** | ) |
| **COUNCIL OF CARPENTERS WELFARE FUND;** | ) |
| | ) |
| **Mark McGriff, Board of Trustees Chairman, and** | ) |
| **Joe Coar, Board of Trustees Secretary, on behalf of** | ) |
| **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL** | ) |
| **OF CARPENTERS APPRENTICESHIP AND** | ) |
| **TRAINING FUND;** | ) |
| | ) |
| **Douglas J. McCarron, Board of Trustees Chairman,** | )  **CASE NO.  1:18-CV-3176** |
| **on behalf of UNITED BROTHERHOOD OF** | ) |
| **CARPENTERS APPRENTICESHIP TRAINING FUND** | ) |
| **OF NORTH AMERICA;** | ) |
| | ) |
| **and,** | ) |
| | ) |
| **INDIANA/KENTUCKY/OHIO REGIONAL** | ) |
| **COUNCIL OF CARPENTERS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| **vs.** | ) |
| | ) |
| **JACK F. HAMMOND, individually and d/b/a CB** | ) |
| **MECHANICAL LLC** and **PART FOR  LEHRS, LLC;** | ) |
| **BRANDY DANIELS, individually and d/b/a CB** | ) |
| **MECHANICAL LLC** and **PART FOR LEHRS,LLC;** | ) |
| **CB MECHANICAL LLC;** and **PART FOR** | ) |
| **LEHRS,LLC,** | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs **Mark McGriff, Board of Trustees Chairman, and Doug Curts, Board of Trustees Secretary, on behalf of INDIANA CARPENTERS PENSION FUND;   Mark McGriff, Board of Trustees Chairman, and Greg Hauswald, Board of Trustees Secretary on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; Mark McGriff, Board of Trustees Co-Chairman, and William Nix, Board of Trustees Co-Chairman, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND; Mark McGriff, Board of Trustees Chairman, and Joe Coar, Board of Trustees Secretary, on behalf of INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; Douglas J. McCarron, Board of Trustees Chairman, on behalf of UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA** (collectively "Trust Funds"); and, **INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS** ("Union"), by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD**., complain of Defendants **JACK F. HAMMOND, individually and d/b/a CB MECHANICAL LLC** and **PART FOR LEHRS, LLC; BRANDY DANIELS, individually and d/b/a CB        MECHANICAL LLC** and **PART FOR LEHRS,LLC;    CB  MECHANICAL LLC;** and **PART FOR LEHRS,LLC**, stating as follows:

### Background

1.      Plaintiffs INDIANA CARPENTERS PENSION FUND; INDIANA/KENTUCKY/ OHIO REGIONAL COUNCIL OF CARPENTERS DEFINED CONTRIBUTION PENSION TRUST FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS

WELFARE FUND; INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS JOINT APPRENTICESHIP AND TRAINING FUND; UNITED BROTHERHOOD OF CARPENTERS APPRENTICESHIP TRAINING FUND OF NORTH AMERICA ("Trust Funds") are employee benefit funds within the meaning of and subject to ERISA.  The Plaintiffs Trust Funds provide benefits for employees working within this judicial district.

2.      Plaintiff  INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS ("Union") is a labor organization whose duly authorized officers and/or agents are engaged in representing and/or acting for members within this judicial district.

3.      JJ Day, Inc. ("JJ Day") was a corporation established in 1984 under the laws of the State of Indiana. Throughout its existence, Defendant JACK F. HAMMOND ("Hammond") was the president and owner of JJ Day which conducted a glassware container equipment business that produced new and removed and rebuilt the worn parts for (glass houses), and produced all types of lehrs, coating hoods and associated equipment used for anealing glass products.

4.      JJ Day was signatory to a Memorandum of Agreement with the Plaintiff Union and, as such, was also specifically and expressly bound to the Union's master collective bargaining agreement ("CBA") and to the Plaintiffs Trust Funds' Agreements and Declarations of Trust ("Trust Agreements"). On July 20, 2006, Defendant Hammond had signed a Memorandum of Agreement with the Plaintiff Union that adopted the then current CBA and future agreements and amendments.

5.      Pursuant to the CBA, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq*. ("ERISA"), and the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185 ("LMRA"), JJ Day had contractual and statutory obligations to pay employer contributions and deductions to the Plaintiffs for each hour of covered work performed by its employees.

**6**.        The CBA and the Trust Agreements required JJ Day to submit monthly reporting forms and to pay monthly contributions and deductions on behalf of its bargaining unit employees to Plaintiffs Trust Funds and to the Plaintiff Union, respectively.  These agreements also permitted Plaintiffs' designee to perform payroll and related records audits to ascertain if JJ Day's reports and payments were correct by having an accountant audit the time books, payroll, wage records, and any other relevant records or documents of the employer to determine the accuracy of the contributions to the Funds.

**7**.        JJ Day became delinquent in the payment of the contributions and deductions owed to the Trust Funds and the Union.

**8**.        On November 24, 2015, Plaintiffs Trust Funds and Union filed a lawsuit (Case No. 1:15-cv-1862-SEB-DKL) ("First Lawsuit") in this Court against JJ Day, Inc. ("JJ Day") pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and Section 301 of the LMRA. Plaintiffs sought to compel JJ Day to pay the delinquent contributions and dues for the period of June 1, 2015 through November 1, 2015 to Plaintiffs Trust Funds.  Plaintiffs Trust Funds also sought an order directing JJ Day to pay the interest and liquidated damages on the delinquent contributions, plus attorneys' fees and costs incurred by Plaintiffs as a result of being forced to bring the action. Plaintiff Union also sought to have JJ Day's owner, Defendant Hammond pay the delinquent deductions, and other contributions, interest and liquidated damages owed to Plaintiff Union for the period of June 1, 2015 through November 1, 2015.

**9**.        On October 28, 2016, District Judge Sarah Evans Barker granted Plaintiffs' Verified Motion for an Order and Default Judgment against Defendants and entered a Default Judgment [DE 12] in favor of Plaintiffs and against Defendants J.J. Day and Hammond. The Default Judgment ordered Defendants to pay:

(1)      $47,824.00 in delinquent contributions, deductions and interest to the Plaintiffs for the period of June 2015 through November 2015;

(2)      $2,368.75 and $400 to Plaintiffs' Trust Funds in attorneys' fees and costs respectively; and,

(3)      Statutory post-judgment interest at a rate of .66% to Plaintiffs on $43,476.36 principal contributions and deductions.

The Default Judgment totaled $50,592.75. A true and correct copy of the Default Judgment in the First Lawsuit is attached hereto and incorporated herein by reference as Exhibit A.

10.      Plaintiffs have received no payment whatsoever of any kind or nature with respect to the October 28, 2016 Judgment.

11.      On July 13, 2016, Plaintiffs Trust Funds and Union filed another lawsuit (Case No. 2:16-cv-1873-TWP-MJD) ("Second Lawsuit") in this Court against Defendants JJ Day and Hammond pursuant to ERISA and the LMRA whereby Plaintiffs sought to compel JJ Day to submit all of its monthly reporting forms, and pay the delinquent contributions and deductions, if any, owed for the period of December 1, 2015 through July 12, 2016 to Plaintiffs Trust Funds plus interest and liquidated damages on the delinquent contributions, and attorneys' fees and costs. Plaintiff Union also sought to have Defendant Hammond pay the delinquent deductions, and other contributions, interest and liquidated damages owed to Plaintiff Union for the period of December 1, 2015 through July 12, 2016.

12.      On February 24, 2017, District Judge Tanya Walton Pratt granted the parties' Agreed Motion for Entry of an Agreed Order and Judgment on behalf of Plaintiffs and Against Defendants J.J. Day and Hammond [DE 29] and entered an Agreed Order and Judgment [DE 29] in favor of Plaintiffs and against Defendants J.J. Day and Hammond ("Agreed Judgment") that

5

provided:

1.      Judgment is entered in favor of Plaintiffs and against the Defendant JJ

Day, Inc. in the amount of $79,387.10 for the following principal contributions and deductions

owed for the period of December 1, 2015 through July 30, 2016, interest and liquidated

damages, and attorneys' fees and costs:

(a) $23,460.42 in contributions to the Welfare Fund;

(b) $24,306.93 in contributions owed to the Pension Fund;

(c) $ 9,812.22 in contributions owed to the Annuity Fund;

(d) $ 1,360.46 in contributions owed to the Apprenticeship Fund;

(e) $   302.33 in contributions owed to the Health & Safety Fund;

(f) $ 5,924.24 in interest and $5,924.24 in liquidated damages owed to the Plaintiffs
    Trust Funds identified in (a) through (e) above;

(g) $ 6,913.56 in principal deductions owed to the Plaintiff Union for dues, Credit
    Union (Vacation), Drug Testing, CAP, and Market Recovery plus interest in
    the amount of $691.36 and liquidated damages of $691.36 for a total amount due
    on the deductions of $8,296.27; and,

(h) Plaintiffs' attorneys' fees and costs of $4,450 and $400, respectively.

2.      Judgment is entered in favor of Plaintiff Union and against Defendant Jack

F. Hammond in the total amount of $7,604.92 representing $6,913.56 in principal

deductions owed to the Plaintiff Union for dues, Credit Union (Vacation), Drug

Testing, CAP, and Market Recovery for the period of December 1, 2015 through

July 30, 2016, plus interest in the amount of $691.36.

**13.**     The total amount of the Agreed Judgment against JJ Day was $84,237.11. A true and correct copy of the Agreed Order and Judgment in the Second Lawsuit is attached hereto and incorporated herein by reference as Exhibit B.

**14.**     No part of the contributions identified in paragraphs (a) through (e) of the Agreed Judgment, the related interest and liquidated damages, or the attorneys' fees and costs have been paid. After entry of the Agreed Judgment, Defendant Hammond then agreed to pay the aforementioned $6,913.56 in principal deductions owed to the Union that are included in the Agreed Judgment by making monthly payments. After crediting all payments for these deductions, a total of $2,070, the unpaid balance on the principal deductions still due to the Plaintiff Union is $4,843.56.

**15.**     The unpaid balance still due on the Agreed Judgment is $82,167.11.

**16.**     The unpaid total balance due Plaintiffs from JJ Day, Inc. on the October 28, 2016 Default Judgment (First Lawsuit) and the February 24, 2017 Agreed Judgment (Second Lawsuit) is $132,759.86.

**17.**     Plaintiffs' auditor has conducted an audit of JJ Day's payroll records for the period from January 1, 2012 through May 31,  2015 (the "Audit").   The Audit, attached hereto and incorporated herein by reference as Exhibit C, identified the following amounts due for that period:

$60,355.86  in principal contributions owed to the Pension Fund, Health & Welfare Fund,
        Annuity Fund and the Apprenticeship Fund;

$18,571.18  for interest, liquidated damages and audit fees; and,

$ 9,931.36  for deductions and contributions owed to the Union.

The total amount the Audit identified as owed to Plaintiffs is $88,858.40 ("Audit Variance").

**18.**     The total amount owed by JJ Day on the two Judgments and the Audit is $221,618.26.

7

19.     Plaintiffs have been informed and believe, and thereupon allege, that on January 4, 2017, JJ Day was shut down by the Internal Revenue Service for its failure to pay taxes. JJ Day no longer pays fringe benefits to Plaintiffs, but its shell continues as an active registered Indiana corporation.

20.     Defendant BRANDY DANIELS ("Daniels") is the niece of Defendant Hammond. Subsequent to the Default Judgment, a month before the entry of the Agreed Judgment, and immediately after JJ Day was closed by the IRS, on January 12, 2017, Defendant Daniels incorporated Defendant CB MECHANICAL, LLC ("CBM"), an Indiana limited liability company.

21.     Plaintiffs have been informed and believe, and thereupon allege, that on January 12, 2017, Defendant Daniels also incorporated Defendant PART FOR LEHRS, LLC ("Part for Lehrs" or "Lehrs"), another Indiana limited liability company.

22.     Plaintiffs are informed and believe and thereupon allege that a principal purpose of the creation of both CBM and Lehrs ("Successor Companies") was to continue the business operations that Defendant Hammond had previously conducted under the name JJ Day, Inc. while avoiding any liability for the Judgments and the aforementioned 2012 to 2015 Audit.

23.     Plaintiffs are informed and believe that Defendant Hammond is the key employee in the operations of CBM and Lehrs. Defendant Hammond has and does provide his unique experience, expertise, and knowledge which are absolutely necessary for the very specialized operational techniques involved in the continued manufacture of the identical products previously produced by JJ Day for the same customers.

24.     Due to Defendant Hammond's presence, involvement and participation, on January 12, 2017, Defendants Daniels, CBM and Lehrs also had knowledge of JJ Day's liabilities to Plaintiffs for the ERISA Fund contributions and obligations to the Union.

25.     Plaintiffs are informed and believe and thereupon allege that, with knowledge of JJ Day's liabilities to Plaintiffs and the intent to avoid same, Defendants Hammond and Daniels formed a plan to, while operating as CBM and Lehrs, to continue using Hammond's experience and expertise and customer relationships, and JJ Day's manufacturing and operational techniques and procedures to produce identical products for the same customers that had been serviced by JJ Day without payment of adequate, or any, consideration from Defendants.

26.     On or about on January 12, 2017, Defendant Daniels, as an owner and member of both CBM and Lehrs, with knowledge of JJ Day's liabilities, but using the shield of their limited liability company form, the managerial experience and production skills of her uncle, and JJ Day's manufacturing and operational techniques and procedures, and customer list, began and continues to conduct an identical business or businesses to JJ Day that produced identical products for the same customers that had been serviced by JJ Day.

27.     Plaintiffs are informed and believe and thereupon allege that from or about January 12, 2017 through the present, Defendant Hammond has contributed and employed his repertoire and customer relationships, together with JJ Day's manufacturing and operational techniques and procedures, to his endeavors with Defendants Daniels, CBM and Lehrs to continue production of the identical products for JJ Day's former customers.

28.     In performing the manufacturing and maintenance services for their customers, CBM and Lehrs are performing the exact same type of work that JJ Day had done, namely, taking out and rebuilding the parts (glass houses), working on all types of lehrs, coating hoods

and associated equipment.

29.     CBM and/or Lehrs have, and continue to provide these services to a number of the same customers that had employed JJ Day to provide identical services.

30.     In their advertisements and on social media, CBM and Lehrs have announced their business relationship whereby they specialize in the manufacturing and maintenance of glassware container equipment, specifically producing Lehrs, APS Coating Hoods and Mold Ovens, which is the exact same type of work that JJ Day had been doing.

31.     Defendants CBM and Lehrs also represented themselves as the continuation of the original Company's business by claiming 30 years of experience, and showing as the customers of their specialized products, a list of companies that JJ Day had been servicing for years.

32.     CBM's and Lehrs' advertisement claims "30+ years of experience in making & servicing lehrs". Due to the recent creation of both CBM and Lehrs, this representation necessarily references Hammond's integral role with these Successor Companies.  Defendant Hammond is the only individual actually possessing thirty years' experience in making and servicing lehrs.

33.     Defendants Daniels, CBM and Lehrs have assumed the judgment debt of Hammond and JJ Day. Defendant Daniels has used the checking accounts and funds of both CBM and Lehrs to make a total of three payments, each in the amount of $690, to cover Hammond's payment obligations under his agreement to pay the unpaid deductions owed to the Union identified in the Second Judgment.

10

34.     Part for Lehrs LLC Check No. 1009 in the amount of $690.00 dated June 13, 2017 was received by BeneSys, Plaintiffs Trust Funds' Third Party Administrator, on June 16, 2017. CB Mechanical LLC's Check No. 1270 in the amount of $690.00 dated July 31, 2017 and CB Mechanical LLC's Check No. 1273 in the amount of $690.00 dated August 17, 2017 were both received by BeneSys on August 28, 2017. Each of these payments was signed by Defendant Daniels.

35.     Defendant Hammond, utilizing a CBM email account, has confirmed these payments and further represented himself to be the "Senior Estimator/Sales & Marketing Director" for CBM.

## THE INSTANT COMPLAINT

36.     This action arises under, and jurisdiction resides with this Court pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. §185, and is brought by Plaintiffs Trust Funds and Plaintiff Union in order to judicially enforce the obligations owed, and breached, by Defendants **Jack F. Hammond, individually and D/B/A CB Mechanical LLC** and **Part For   Lehrs, LLC; Brandy Daniels, individually and d/b/a CB Mechanical LLC** and **Part For Lehrs, LLC; CB Mechanical LLC;** and **Part For Lehrs,LLC,**  the successors, mere continuation and alter egos of JJ Day, Inc. ("Successors"), to the Plaintiffs Trust Funds and Plaintiff Union.

### COUNT I
*(Jack Hammond, Individually and d/b/a CB Mechanical LLC
and Part For  Lehrs, LLC as Successor of JJ Day)*

**1.-36.**  Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 1 through 36 of Count I of the instant Complaint.

37. The circumstances surrounding the closing of JJ Day and the incorporation of Defendants CBM and Part for Lehrs indicate Defendant Hammond, Individually and d/b/a CB Mechanical LLC and Part For Lehrs, LLC had knowledge of JJ Day's liabilities to Plaintiffs Funds for ERISA Fund contributions and Union obligations.

38. Defendant Hammond, having signed the Memorandum of Agreement that adopted the CBA, knew that JJ Day was a union-affiliated employer. Defendant Hammond was aware of JJ Day's unpaid obligations to the Trust Funds and Union.

39. Hammond's employment in a management position at CBM and Part for Lehrs, the overnight resumption of JJ Day's operations without interruption or substantial change, the manufacture of the same products, and the constancy of customers, the claims of years of experience and the payment of Hammond's debt are indicia of Hammond's continuity of JJ Day's business.

40. Accordingly, Defendant Hammond's current business operations have been, and continue to be, a mere continuation of the business and operations of JJ Day. The continuation of the same business operation and his involvement as a key employee from JJ Day into the new corporate entities establishes that JJ Day was simply reincarnated into Jack Hammond Individually and/or Jack Hammond d/b/a CBM and Part for Lehrs.

41. As a result of the foregoing, Defendant Hammond, as a successor and continuation of JJ Day, is directly liable for the unpaid balance owed to Plaintiffs for delinquent contributions, deductions and related amounts as identified in two Judgments and the Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant Jack Hammond, Individually and d/b/a CB Mechanical LLC and Part for Lehrs LLC, to be the successor of JJ Day, Inc. and liable for the obligations of JJ Day, Inc. owed to Plaintiffs, and to enter judgment in their favor and against Defendant Jack Hammond in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

## COUNT II
*(Brandy Daniels, Individually and d/b/a CB Mechanical LLC
and Part For Lehrs, LLC as Successor of JJ Day)*

**42-77.**     Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 42 through 77 of Count II of the instant Complaint.

**78**.     The circumstances surrounding the closing of JJ Day and the incorporation of Defendants CBM and Part for Lehrs indicate Defendant Brandy Daniels, Individually and d/b/a CB Mechanical LLC and Part For Lehrs, LLC had knowledge of JJ Day's liabilities to Plaintiffs Funds for ERISA Fund contributions and Union obligations.

**79**.     As an experienced and astute business person, and by the employment of her uncle in a key position while resuming his decades old business, Defendant Daniels knew, or should have known or been aware, that JJ Day was a union-affiliated employer that had unpaid fringe benefit obligations owed to the Trust Funds and Union.

**80**.     Defendant Daniels' continued employment of her uncle Defendant Hammond in a management position with the new companies, the overnight resumption of JJ Day's operations without interruption or substantial change, the manufacture of the same products by use of identical equipment and processes, the constancy of their customers, the claims of years of

13

experience, and the payment of Hammond's debt are indicia Defendant Daniels' continuity of JJ Day's business.

81.     Accordingly, Defendant Daniels' current business operations have been, and continue to be, a mere continuation of the business and operations of JJ Day. The continuation of the same business operation and the involvement of Defendant Hammond as a key employee from JJ Day into the new corporate entities establishes that JJ Day was simply reincarnated into Brandy Daniels, individually and d/b/a CBM and Part for Lehrs.

82.     As a result of the foregoing, Defendant Daniels, individually and d/b/a CBM and Part for Lehrs, as a successor and continuation of JJ Day, is directly liable for the unpaid balances owed to Plaintiffs for delinquent contributions, deductions and related amounts as identified in two Judgments and the Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant Brandy Daniels, Individually and d/b/a CB Mechanical LLC and Part for Lehrs LLC, to be the successor of JJ Day , Inc. and liable for the obligations of JJ Day, Inc. owed to Plaintiffs, and to enter judgment in their favor and against Defendant Brandy Daniels in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

### COUNT III
*(CB Mechanical LLC as Successor of JJ Day)*

83.-118.     Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 83 through 118 of Count III of the instant Complaint.

119.   The circumstances surrounding the closing of JJ Day and the incorporation of Defendant CBM ("Successor") are indicative of the Successor's knowledge of JJ Day's liabilities to Plaintiffs Funds for ERISA fund contributions and Union obligations.

120.   The Successor CBM had knowledge that JJ Day was a union-affiliated employer. CBM's employment of Hammond in a management position for CBM indicates the Successor knew or should have known of both the signatory relationship and JJ Day's liability for unpaid ERISA fringe benefit contributions and deductions.

121.   Defendant CBM's employment of Defendant Hammond in a management position, the overnight resumption of JJ Day's operations without interruption or substantial change, the manufacture of the same products by use of identical equipment and processes, the constancy of their customers, the claims of years of 30 years of experience, showing as the customers of their specialized products a list of companies that JJ Day had been servicing for years, and the payment of Hammond's debt are indicia Defendant CBM's continuity of JJ Day's business.

122.   Accordingly, Defendant CBM's current business operations have been, and continue to be, a mere continuation of the business and operations of JJ Day. The continuation of the same business operation and the involvement of Defendant Hammond as a key employee from JJ Day into the new corporate entity establish that JJ Day was simply reincarnated into Defendant CBM.

123.   As a result of the foregoing, Defendant CBM, as a successor and continuation of JJ Day, is directly liable for the unpaid balances owed to Plaintiffs for delinquent contributions, deductions and related amounts as identified in two Judgments and Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant CB Mechanical LLC to be the successor of JJ Day, Inc. and liable for the obligations of JJ Day , Inc. owed to Plaintiffs, and to enter judgment in their favor and against Defendant CBM in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

## COUNT IV

*(Part for Lehrs LLC as Successor of JJ Day)*

**124-159 .**      Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 124 through 159 of Count IV of the instant Complaint.

**160**.      The circumstances surrounding the closing of JJ Day and the incorporation of Defendant Part for Lehrs LLC ("Successor") are indicative of the Successor's knowledge of JJ Day's liabilities to Plaintiffs Funds for ERISA fund contributions and Union obligations.

**161.**      The Successor Part for Lehrs had knowledge that JJ Day was a union-affiliated employer. CBM's employment of Hammond in a management position for Part for Lehrs indicates the Successor knew or should have known of both the signatory relationship and JJ Day's liability for unpaid ERISA fringe benefit contributions and deductions.

**162**.      Defendant Part for Lehrs' employment of Defendant Hammond in a management position, the overnight resumption of JJ Day's operations without interruption or substantial change, the manufacture of the same products by use of identical equipment and processes, the constancy of their customers, the claims of years of 30 years of experience, showing as the customers of their specialized products a list of companies that JJ Day had been servicing for years, and the payment of Hammond's debt are indicia Defendant Part for Lehrs' continuity of JJ Day's business.

163. Accordingly, Defendant Part for Lehrs' current business operations have been, and continue to be, a mere continuation of the business and operations of JJ Day. The continuation of the same business operation and the involvement of Defendant Hammond as a key employee from JJ Day into the new corporate entity establish that JJ Day was simply reincarnated into Defendant Part for Lehrs.

164. As a result of the foregoing, Defendant Part for Lehrs, as a successor and continuation of JJ Day, is directly liable for the unpaid balances owed to Plaintiffs for delinquent contributions, deductions and related amounts as identified in two Judgments and Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant Part for Lehrs LLC to be the successor of JJ Day, Inc. and liable for the obligations of JJ Day , Inc. owed to Plaintiffs, and to enter judgment in their favor and against Defendant Part for Lehrs in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

**COUNT V**
*(Hammond and Daniels as the Mere Continuation of JJ Day)*

165-200. Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 165 through 200 of Count V of the instant Complaint.

201. Hammond's continued participation as the key and necessary supervising employee  from JJ Day in the operations of the new entities, the installation of his niece Daniels as an owner, member and manager of  the new entities, the identical business purpose, operations, manufacturing process, products, and customers; the payment of the predecessor's debts; as well as the claims on websites and/or social media of years of experience, establish that Defendants

Hammond and Daniels have simply reincarnated JJ Day into their current entities CBM and Part for Lehrs, and Defendants Hammond and Daniels are liable for the Judgments and Audit Variance successors by the fact they are mere continuations of JJ Day.

WHEREFORE, Plaintiffs pray the Court to find Defendants Hammond and Daniels to be the a mere continuation of JJ Day, Inc. and that Defendants Hammond and Daniels are for liable JJ Day's debts and obligations owed to Plaintiffs', and to enter judgment in Plaintiffs' favor and against Defendants Hammond and Daniels in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

**COUNT VI**
*(CBM as Mere Continuation of JJ Day)*

**202-237 .**   Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 202 through 237 of Count VI of the instant Complaint.

**238**.   The continued participation and use of Defendant Hammond as the key and necessary supervising employee from JJ Day in the new entity; the identical business purpose, operations, manufacturing process, products, and customers; the payment of the predecessor's debt; as well as the claims on websites and/or social media of years of experience, establishes that JJ Day simply reincarnated into CBM and CBM is liable for the Judgments and the Audit Variance as a successor by the fact it is a mere continuation of JJ Day.

WHEREFORE, Plaintiffs pray the Court to find Defendant CB Mechanical to be the a mere continuation of JJ Day , Inc. and that CB Mechanical is liable for JJ Day's debts and obligations owed to Plaintiffs', and to enter judgment in Plaintiffs' favor and against CBM Mechanical in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

**COUNT VII**
*(Part for Lehrs as Mere Continuation of JJ Day)*

**239-264 .**     Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 239 through 264 of Count VII of the instant Complaint.

**265**.     The continued participation and use of Defendant Hammond as the key and necessary supervising employee from JJ Day in the new entity; the identical business purpose, operations, manufacturing process, products, and customers; the payment of the predecessor's debt; as well as the claims on websites and/or social media of years of experience, establishes that JJ Day simply reincarnated into Part for Lehrs and Part for Lehrs is liable for the Judgments and the Audit Variance as a successor by the fact it is a mere continuation of JJ Day.

WHEREFORE, Plaintiffs pray the Court to find Defendant Part for Lehrs to be the a mere continuation of JJ Day, Inc. and that Defendant Part for Lehrs is liable for JJ Day's debts and obligations owed to Plaintiffs', and to enter judgment in Plaintiffs' favor and against Part for Lehrs in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

**COUNT VIII**
*(Alter Ego v. Jack Hammond)*

**266-301 .**     Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 266 through 301 of Count VIII of the instant Complaint.

**302.**     Defendant Hammond so dominated and controlled JJ Day that he played the key role in, and was responsible for, that corporation's ERISA violations that resulted in the two Judgments and the audit variance.

303.     Hammond's fraudulent intent in attempting to avoid the obligations of the CBA and ERISA is demonstrated by the incorporation and use of Defendants CB Mechanical and Part for Lehrs as disguised continuances of JJ Day for the purpose of shielding against Plaintiffs' causes of action and Judgments. Defendant Hammond has manipulated the corporate form of these entities to promote fraud and injustice against plaintiffs, and while acting as a key employee, and he is the alter ego of JJ Day, and is directly individually liable to Plaintiffs for the aforesaid Judgments and the Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant Jack Hammond to be the alter ego of JJ Day, Inc. and he is directly liable for the conduct of JJ Day that constitute violations of ERISA, and to therefore enter judgment in their favor and against Defendant Jack Hammond in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

## COUNT IX
### (*Alter Ego v. Defendants Hammond and Daniels*)

304-339 .     Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 304 through 339 of Count IX of the instant Complaint.

340.     Defendant Hammond so dominated and controlled JJ Day that he played the key role in, and was responsible for, that corporation's ERISA violations that resulted in the two Judgments and the Audit Variance.

341.     Hammond's fraudulent intent in attempting to avoid the obligations of the CBA and ERISA is demonstrated by the incorporation and use of Defendants CB Mechanical and Part for Lehrs as disguised continuances of JJ Day for the purpose of shielding against Plaintiffs' causes of action and Judgments. Defendant Hammond has manipulated the corporate form of these entities

20

to promote fraud and injustice against plaintiffs, and while acting as a key employee, and he is the alter ego of JJ Day, and is directly individually liable to Plaintiffs for the aforesaid Judgments and the Audit Variance.

342. These uncustomary transactions once the Judgments were entered and the additional audit variance identified, which allow Defendants Hammond and Daniels to retain the benefits of ownership of JJ Day's manufacturing process, products, and customers and tout their years of experience for little or no consideration, together constitute a pattern of fraudulent intent by Defendants Hammond and Daniels in the transition from JJ Day to CBM and Part for Lehrs for the purpose of evading liability for the Judgments and audit variance.

343. Accordingly, Defendants Hammond and Daniels are directly liable for the Judgments and Audit Variance as the alter ego and disguised continuance of JJ Day.

WHEREFORE, Plaintiffs pray the Court to find Defendants Jack Hammond and Brandy Daniels to be the alter ego of JJ Day, Inc. and they are directly liable for the debts of JJ, and to therefore enter judgment in their favor and against Defendant Jack Hammond in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

## COUNT X
*(CBM as corporate Alter Ego of JJ Day)*

344-379 . Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 344 through 379 of Count X of the instant Complaint.

380. Under the circumstances surrounding the incorporation and startup of CBM and Part for Lehrs and the closing of the business of JJ Day, including but not limited to their related ownership; the use and reliance on the same key employee; the identical business purpose,

operations, manufacturing process, products, and customers; the payment of the predecessor's debts; the claims on websites and/or social media of years of experience; and the use of CBM and Part for Lehrs to shield against JJ Day 's liabilities owed to Plaintiffs, CBM, as the corporate alter ego of JJ Day, is liable to Plaintiffs for the aforesaid Judgments and the Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant CBM to be the alter ego of JJ Day, Inc. and to pierce the corporate form of JJ Day , Inc. to enter judgment in their favor and against Defendant CBM in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

## COUNT XI
### *(Part for Lehrs as corporate Alter Ego of JJ Day)*

**381-417 .**      Plaintiffs incorporate herein by reference paragraphs 1 through 35 of the above Background and Paragraph 36 as Paragraphs 381 through 417 of Count XI of the instant Complaint.

**418.**      Under the circumstances surrounding the incorporation and startup of CBM and Part for Lehrs and the closing of the business of JJ Day, including but not limited to their related ownership, the use and reliance on the same key employee; the identical business purpose, operations, manufacturing process, products, and customers; the payment of the predecessor's debts; the claims on websites and/or social media of years of experience; and the use of CBM and Part for Lehrs to shield against JJ Day 's liabilities owed to Plaintiffs, Part for Lehrs, as the corporate alter ego of JJ Day, is liable to Plaintiffs for the aforesaid Judgments and the Audit Variance.

WHEREFORE, Plaintiffs pray the Court to find Defendant Part for Lehrs to be the alter ego of JJ Day , Inc. and to pierce the corporate form of JJ Day , Inc. to enter judgment in their favor and against Defendant Part for Lehrs in the principal amount of $221,618.26, plus interest thereon, costs, and attorneys' fees.

Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

By _____/s/ Paul T. Berkowitz_____
          **PLAINTIFFS' ATTORNEYS**

PAUL T. BERKOWITZ
 & ASSOCIATES, LTD.
123 West Madison Street
Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID #19025-49